STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Appeal of | } | |
| Midway Oil Corporation | } | Docket No. 84-4-00 Vtec |
| | } | |
| | } | |

<u>Decision and Order on Motions for Summary Judgment</u>

Appellants Midway Oil Corporation and John Rehlen appeal from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Castleton, denying Midway Oil's application to update its gasoline pumps, pump island, lights, and storage tanks. Appellants are represented by R. Joseph O'Rourke, Esq.; the Town is represented by John S. Liccardi, Esq.; Appellee Gary R. Kupferer is an attorney who has appeared and represents himself. Appellants and Appellee have filed cross-motions for summary judgment; the Town has not participated in the briefing of those motions.

The following facts are undisputed, except as otherwise noted.

Appellant Midway Oil Corporation operates a gasoline station on a 9,568-square-foot lot owned by Appellant Rehlen, on Main Street (Route 4A) in the Neighborhood Commercial (NC) zoning district. The lot is 104 feet wide and 92 feet deep. The existing sign and existing gasoline pump island are located in the land beyond the traveled way of Main Street, but on land owned by the Town, as the land lying under what would normally be the highway right-of-way is owned in fee by the Town, not the landowner. The gasoline station predates the adoption of zoning in Castleton. Automotive service stations are a conditional use in the NC zoning district. Zoning Regulations §340.

The gasoline station is a preexisting use, nonconforming at least as to lot area (§718(2)), lot frontage (§718(3)), lot depth (§718(4)); setback from the pumps (§718(5)), and setback for fuel storage[1] (§718(6)), as well as distance of the lot from a lot occupied by a school or library.(§718(1)).

---

[1] Assuming that this provision applies to underground storage tanks.

1

Midway Oil proposes to replace the gasoline pumps, pump island, island lights and gasoline storage tanks. The location or design of the island lights is not at issue in the appeal separately from the location of the new islands. Specifically, Midway Oil proposes to replace two side-by-side single-walled underground storage tanks totaling 10,000 gallons with a single 15,000 gallon tank located 24 feet from the side property line, which is eleven feet farther than the closer of the old tanks. However, the new tank is proposed to extend to within approximately ten feet from the rear property line, while the closer of the old tanks extended to only approximately 34 feet from the rear property line. Midway Oil also proposes to replace the existing two-dispenser, four fueling position island with two single-pump, two-fueling position islands, resulting in the same number of dispensers and fueling positions at the pumps. The new islands are smaller in total aggregate size than is the existing island and are approximately three feet farther from the traveled way of Main Street.

Appellants argue that no application was required under §400 of the Zoning Regulations, which allows any non-conforming use of structures or land to be continued indefinitely. However, §400(1) requires approval of the ZBA if any non-conforming use is being "moved, enlarged, altered, extended, reconstructed, or restored." Because the changes to the tanks and to the islands result in the alteration and moving of the islands, and the moving, alteration and enlargement of the tanks, ZBA approval is required under §400(1), regardless of whether the scope of the non-conformity is being increased, decreased, or remains the same as in the prior configuration.

Appellants ask the Court to apply the Vermont Supreme Court's analysis in In re Miserocchi, 11 Vt. L. Wk. 33 (2000). However, in Miserocchi, the Supreme Court resolved an absurdity or ambiguity in the town's change-of-nonconforming use rules, by construing the ordinance most favorably to the landowner. The Miserocchi analysis does not apply to zoning regulations, such as Castleton's, which provide an explicit procedure and standards for ZBA approval of a change to a pre-existing, nonconforming use.

Accordingly, Appellant's motion for summary judgment is denied as to Question 1 of the Statement of Questions and summary judgment is entered adversely to Appellant's position on Question 1 of the Statement of Questions. Approval of the ZBA under §400(1)

2

is required to replace the equipment at the proposed locations. The denial of that approval was properly appealed and the merits of that approval are before the Court in this appeal.

Section 400(1) section requires the ZBA and hence this Court in this de novo proceeding, to determine that the proposal (a) has no adverse effect on the traffic in the vicinity, (b) has no adverse effect upon surrounding property, and (3) is an increase in building coverage not greater than 50% compared to the area covered by the building on the date it became nonconforming. These standards are not unconstitutionally vague; the determination of adverse effect is common to zoning decisions on the ZBA level as well as before this Court. Appellant's motion for summary judgment is denied as to Question 3 of the Statement of Questions and summary judgment is entered adversely to Appellant's position on Question 3 of the Statement of Questions.

Even though the changes from the former configuration are minor, have not increased any building coverage, and do not change the distance of the subject lot from schools or libraries, material facts remain in dispute as to any effect on traffic of the new island configuration, and whether the proposal will have any effect, adverse or otherwise, on surrounding property. Accordingly, summary judgment must be denied on Question 4 of the Statement of Questions because material facts are in dispute.

Appellee argues that Appellants violate 24 V.S.A. § 4425 in seeking a zoning permit for a structure within the lines of the street or associated right of way. The pump islands and their dispensers fall within the definition of structure in §130, which includes any "assembly of materials for occupancy or use" including walls or fences (except those on operating farms). Under this definition (as under the definition in In re Miller and Sheedy, 10 Vt. L. Week 306 (Oct. 8, 1999)) everything above the surface of the ground which is an assembly of materials is a structure. The pump islands and their dispensers are constructed above the surface of the ground, unlike the pavement in In re Miller and Sheedy. There also is no question that the pump islands are not located on Appellants' property, although material facts are disputed (or at least have not been provided) to establish whether they are within the right-of-way of the street.

However, Appellee Kupferer has not filed a cross-appeal; therefore the issue of

whether Appellants would be entitled to a permit under 24 V.S.A. §§4425 and §4469 is not strictly before the Court. We do note that §§4425 and 4469 together have the purpose of requiring the municipality to acquire such land as it may wish to reserve for streets, but, once lots have been mapped for streets, not to allow later building in those lots to drive up the price for condemnation. If the gasoline station predates the adoption of §4425 in 1967, it may not be applicable. Also, although Appellants need approval of the ZBA under §400(1) of the Zoning Regulations, nothing in those sections of the Zoning Regulations supplied to the Court suggests that Appellants need any other zoning permit to move the gasoline island or replace and expand the underground storage tanks.

Appellee further argues that Appellants increase a non-conformity by moving the fuel tank and islands closer to the school and library. The parties have not provided information to the Court regarding the location of the school and library. However, the standard under §718(1) is the distance between the gasoline station <u>lot</u> and the <u>lot</u> occupied by the school or library. Although the islands have moved three feet to the south and the underground tank extends farther to the south within the lot, the lot has not moved, and therefore this aspect of the non-conformity is not being increased.

Appellee also seeks to dismiss this appeal on the basis that the appeal has been rendered moot by Appellants' failure to appeal a later ruling of the Zoning Administrator. He argues that Appellants wrote a letter seeking to reestablish their prior nonconforming use (with the existing pump islands and the existing tank configuration, only complying with the federally mandated requirements for double-wall gasoline tanks and piping) and that they did not appeal the Town Manager's April 14, 2000 letter stating that Appellants would be required to go before the ZBA again and also go before the Planning Commission. All that this Court can rule is that any issues regarding the reestablishment of the existing tanks and islands are not before the Court in the present appeal. However, nothing about that fact limits the Appellants in their pursuit of the issues remaining in the present appeal.

Accordingly, based on the foregoing, it is hereby Ordered and Adjudged that summary judgment is entered as to Questions 1, 2 and 3 of Appellants' Statement of Questions, and that material facts are in dispute as to Question 4. This matter will be set for hearing on the §400(1) standards. On or before November 2, 2000, the parties shall

4

confer with each other and shall each file in writing with the Court a statement of the amount of time necessary for the merits hearing, and any dates in November or December which are unavailable on their or their witnesses' schedules.

Done at Barre, Vermont, this 17th day of October, 2000.

_____

Merideth Wright
Environmental Judge